**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GRACIELA ROMAN, on behalf of herself and all others similarly situated,**<br><br>Plaintiff,<br><br>-against-<br><br>**THE DINEX GROUP, LLC and DANIEL BOULUD,**<br><br>Defendants. | JUDGE HELLERSTEIN<br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Graciela Roman ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, spread-of-hours pay, misappropriated tips, and other wages for Plaintiff and her similarly situated co-workers – servers, bussers, runners, bartenders, hosts, and all other "tipped restaurant workers" – who work or have worked at: Bar Boulud – located at 1900 Broadway, New York, New York 10023; Daniel – located at 60 East 65th Street, New York, New York 10065; Café Boulud & Bar Pleiades – located at 20 East 76th Street, New York, New York 10021; db Bistro Moderne – located at 55 West 44th Street, New York, New York 10036; Boulud Sud – located at 20 West 64th Street, New York, New York 10023; Epicerie Boulud – located at 1900 Broadway, New York, New York 10023; and DBGB Kitchen and Bar – located at 299 Bowery, New York, New York 10013 (collectively, the "Boulud Restaurants").

2.      The Boulud Restaurants are owned, operated, and controlled by Defendants The Dinex Group, LLC and Daniel Boulud (collectively "Defendants").   Several of the Boulud Restaurants have earned dining awards and accolades, including Daniel, which has been cited as "one of the ten best restaurants in the world" by the International Herald Tribune, has earned three Michelin stars, a coveted four star rating from the New York Times and Wine Spectator's "Grand Award," and is ranked eighth among Restaurant Magazine's "World's 50 Best Restaurants."     All  of  the  Boulud  Restaurants  are  listed  on  Boulud's  webpage, www.danielnyc.com, as well as the Dinex Group, LLC's employee handbook.

3.      Defendant Daniel Boulud ("Boulud"), the Chef and Owner of the Boulud Restaurants, has been described as "the name, brain and palate behind one of the country's gold-plated dining empires."   Boulud's culinary accolades include James Beard Foundation awards for "Outstanding Restaurant," "Outstanding Restaurateur," "Best Chef, New York City," and "Outstanding Chef of the Year."   In addition, he has been named "Chef of the Year" by the Culinary Institute of America. Aside from working in the kitchen, Boulud spends a large portion of his time managing and maintaining the Boulud Restaurant enterprise.

4.      In 1988, Boulud co-founded Defendant The Dinex Group, LLC (the "Dinex Group") as a management company to manage his portfolio of businesses, consisting of restaurant development, management, consulting, and other food-related businesses.   The Dinex Group currently consists of "a group of fine dining restaurants and a catering company headed by Chef Daniel Boulud." Together, Defendants oversee an international enterprise with more than 900 employees. According to the Dinex Group's employee handbook: "Each operation of the Dinex Group upholds the same exacting standards for quality, superior customer service and hospitality.   No matter where you work, you are considered to be part of a large team 'the Daniel Boulud Family' ... "

5.      At all times relevant, Defendants paid Plaintiff a reduced, tipped minimum wage rate.  Defendants, however, did not satisfy the requirements under the Fair Labor Standards Act or the New York Labor Law by which they could take a tip credit towards the basic minimum hourly rate paid to Plaintiff.

6.      In that regard, Plaintiff was required to engage in a tip distribution scheme where tips were shared with Polishers, Expeditors and Maitre d's, employees in positions that are not entitled to tips under the Fair Labor Standards Act or the New York Labor Law.

7.      Additionally, throughout Plaintiff's employment, Defendants required Plaintiff to spend a substantial amount of time performing non-tip producing "side work," including, but not limited to: cleaning service trays; carrying ice to the bar; setting up outdoor tables; brining butter up from the kitchen; preparing the bread station; attending pre-shift meetings; polishing glasses; cleaning the bread station; washing placemats; wrapping bread; changing out napkins and tablecloths; taking out garbage; sweeping floors; cleaning and setting up tables; and stacking outdoor tables.  As a result of this practice, Plaintiff regularly spent in excess of twenty percent of her time at work engaged in a non-tipped capacity.

8.      At all times relevant, Defendants charged groups of five customers or more, including customers hosting private banquets, a compulsory gratuity and/or service charge.  Plaintiff regularly performed work and received gratuities for groups of five customers or more and/or private banquets.  As a result, Plaintiff earned both an hourly rate and portions of the mandatory gratuities/service charges paid by groups of five customers or more and/or hosts of private banquets. Defendants illegally failed to include the mandatory gratuities/service charges distributed to Plaintiff in her regular rate.  Thus, for hours worked over 40 per week, Defendants failed to compensate Plaintiff at the correct overtime rate.

9.     Upon information and belief, Defendants applied the same employment policies, practices, and procedures to all tipped restaurant workers at the Boulud Restaurants.

10.     Plaintiff brings this action on behalf of herself and similarly situated current and former tipped restaurant workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

11.     Plaintiff also brings this action on behalf of herself and all similarly situated current and former tipped restaurant workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiff

#### Graciela Roman

12.     Plaintiff is an adult individual who is a resident of Sunnyside, New York.

13.     Plaintiff was employed by Defendants as a Busser at the Boulud Restaurants from on or around December 26, 2007 to July 2009 and from on or around October 26, 2009 to July 18, 2012.  During this period, Plaintiff performed work for Bar Boulud and Boulud Sud.

14.     Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

15.     A written consent form for Plaintiff is being filed with this Class Action Complaint.

### Defendants

16.     Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.  Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

17.     Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiff and similarly situated employees at all times relevant.

18.     Upon information and belief, Defendants' operations are interrelated and unified.

19.     Upon information and belief, during all relevant times, the Boulud Restaurants shared a common management and were centrally controlled and/or owned by Defendants.

**The Dinex Group, LLC**

20.     Together with the other Defendants, the Dinex Group has owned and/or operated the Boulud Restaurants during the relevant period.

21.     The Dinex Group is a domestic business corporation organized and existing under the laws of New York.

22.     Upon information and belief, the Dinex Group's principal executive office is located at 16 East 40th Street, New York, New York 10016.

23.     At all times relevant, the Dinex Group has been the corporate entity listed on Plaintiff's paychecks and W-2 forms.

24.     The Dinex Group is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

25.     At all times relevant, the Dinex Group maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

26.     The Dinex Group applies the same employment policies, practices, and procedures to all tipped restaurant workers at the Boulud Restaurants, including policies, practices, and procedures with respect to the payment of minimum wage, overtime compensation, spread-of-hours pay, and customer tips.

27.     At all times relevant, the Dinex Group has had the power to transfer the assets or liabilities of the Boulud Restaurants.

28.     At all times relevant, the Dinex Group has had the power to declare bankruptcy on behalf of the Boulud Restaurants.

29.     At all times relevant, the Dinex Group has had the power to enter into contracts on behalf of the Boulud Restaurants.

30.     Upon information and belief, at all times relevant, the Dinex Group's annual gross volume of sales made or business done was not less than $500,000.00.

**Daniel Boulud**

31.     Upon information and belief, Boulud is a resident of the State of New York.

32.     Upon information and belief, at all relevant times, Boulud has been the owner of the Dinex Group and the Boulud Restaurants.

33.     According to the "About Chef Daniel Boulud" section of Boulud's website, www.danielnyc.com/aboutDB.html, Boulud is the "Chef-Owner of several award-winning restaurants" including each of the Boulud Restaurants.

34.     Boulud is identified as the Chef/Owner of the Dinex Group in the Dinex Group employee handbook.

35.     Boulud is identified by the New York State Liquor Authority as a "Principal" of: Daniel, Café Boulud, Bar Boulud/Boulud Sud/Epicerie Boulud, and DBGB Kitchen and Bar.

36.     Upon information and belief, at all relevant times, Boulud has had the power over personnel decisions at the Boulud Restaurants, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

37.     Upon information and belief, at all relevant times, Boulud has had power over payroll decisions at the Boulud Restaurants, including the power to retain time and/or wage records.

38.     Upon information and belief, at all relevant times, Boulud is actively involved in managing the day to day operations of the Boulud Restaurants.

39.     Upon information and belief, at all relevant times, Boulud has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

40.     Upon information and belief, at all relevant times, Boulud has had the power to transfer the assets or liabilities of the Boulud Restaurants.

41.     Upon information and belief, at all relevant times, Boulud has had the power to declare bankruptcy on behalf of the Boulud Restaurants.

42.     Upon information and belief, at all relevant times, Boulud has had the power to enter into contracts on behalf of the Boulud Restaurants.

43.     Boulud is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

44.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

45.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

46.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

47.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

48.    Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who have worked as tipped restaurant workers at the Boulud Restaurants in New York, who elect to opt-in to this action (the "FLSA Collective").

49.    Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

50.    All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

51.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

(a)    willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

(b)    willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

52.    Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by unlawfully taking a tip credit against the minimum wage rate paid to Plaintiff and the FLSA Collective.

53.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective minimum wage for all of the hours they worked.

54.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

55.     Plaintiff and the FLSA Collective perform or performed the same primary duties.

56.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

57.     Written consent forms for the following individuals are attached as "**Exhibit A**" to this Class Action Complaint: Orlando Pena (busser); Isaac Lopez (busser); Luis Espinoza (busser and runner); Galo Penafiel (busser); Mario Patricio Godoy (busser); Pedro Lopez (busser and runner); and Celso Lopez (busser and runner).

## CLASS ACTION ALLEGATIONS

58.     Plaintiff brings the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as tipped restaurant workers and similar employees at the Boulud Restaurants in New York between August 10, 2006 and the date of final judgment in this matter (the "Rule 23 Class").

59.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

60.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

61.     Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

62.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

63.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

(b)     whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked;

(c)     whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(d)     whether Defendants failed to provide Plaintiff and the Rule 23 Class spread-of-hours pay when the length of their workday was greater than 10 hours;

(e)     whether Defendants misappropriated tips and/or service charges from Plaintiff and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips and/or service charges paid by customers that were intended for Plaintiff and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class;

(f)     whether Defendants distributed or retained a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

(g)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(h)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(i)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(j)     the nature and extent of class-wide injury and the measure of damages for those injuries.

64.     The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent.  Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as tipped restaurant workers at the Boulud Restaurants in New York.  Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be paid for all hours worked, to be paid overtime wages, to be paid spread-of-hours pay, and to retain customer tips.  Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

65.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 members.

66.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

67.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

68.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Graciela Roman**

69.     Defendants did not pay Plaintiff the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

70.     Defendants paid Plaintiff using the tip credit minimum wage rate, rather than the full minimum wage rate.

71.     Plaintiff received weekly paychecks from Defendants that did not properly record or compensate her for all the hours she worked.

72.     Defendants paid Plaintiff overtime utilizing the tip credit minimum wage rate, rather than 1.5 times the full minimum wage rate.

73.     Defendants paid Plaintiff overtime without factoring in compulsory gratuities/service charges into her overtime rate.

74.     Defendants required Plaintiff to perform a substantial amount of non-tipped "side work," in excess of twenty percent of her time at work. During these periods, Defendants compensated Plaintiff at the tipped minimum wage rate rather than the full hourly minimum wage rate.

75.     Defendants repeatedly suffered or permitted Plaintiff to work over 40 hours per week, up to a maximum of approximately 75 hours per week. Defendants did not compensate Plaintiff at the proper overtime rate for all of the hours she worked in excess of 40 per workweek.

76.     Defendants did not pay Plaintiff one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of her workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

77.     Defendants did not allow Plaintiff to retain all of the tips and/or gratuities she earned.

78.     Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Plaintiff earned.

79.     Defendants imposed upon Plaintiff a tip redistribution scheme to which she never agreed.

80.     Defendants unlawfully redistributed part of Plaintiff's tips to Polishers, Expeditors and Maitre d's, employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL.

81.     Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Plaintiff.

82.     Upon information and belief, Defendants failed to furnish Plaintiff with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

83.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84.    Defendants failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

85.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

86.    At all times relevant, Plaintiff and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

87.    At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

88.    At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

89.    Defendants were required to pay directly to Plaintiff and the members of the FLSA Collective the full federal minimum wage rate for all hours worked.

90.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

91.     Defendants required Plaintiff and the members of the FLSA Collective to perform a substantial amount of non-tipped "side work" in excess of twenty percent of their time at work. During these periods, Defendants compensated Plaintiff and the members of the FLSA Collective at the tipped minimum wage rate rather than the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq.*

92.     As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

93.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

94.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

### SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

95.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

96.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

97.     Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime wages for all of the hours that they worked in excess of 40 hours in a work week.

98.     Defendants did not include all compulsory gratuities/service charges when calculating the overtime rate paid to Plaintiff and the FLSA Collective, and thus failed to pay Plaintiff and the members of the FLSA Collective the correct overtime rate when they worked in excess of 40 hours per week.

99.     As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

100.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

101.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

### THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wages
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

102.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103.    Defendants failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

104.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

105.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

106.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

107.    Defendants were required to pay Plaintiff and the members of the Rule 23 Class the full minimum wage at a rate of (a) $6.75 per hour for all hours worked from August 10, 2006 through December 31, 2006; (b) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (c) $7.25 per hour for all hours worked from July 24, 2009 through the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

108.    Defendants failed to furnish with every payment of wages to Plaintiff and the members of the Rule 23 Class a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

109.    Defendants required Plaintiff and the members of the Rule 23 Class to share gratuities with non-tip eligible employees.  As a result, Plaintiff and the members of the Rule 23 Class are entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate.

110.    Defendants required Plaintiff and the members of the Rule 23 Class to perform a substantial amount of non-tipped "side work" in excess of twenty percent of their time at work. During these periods, Defendants compensated Plaintiff and the members of the Rule 23 Class at the tipped minimum wage rate rather than the full hourly minimum wage rate as required by 12 N.Y.C.R.R. Part 137 and Part 146.

111.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

112.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**New York Labor Law – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

113.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

114.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

115.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

116.    Defendants failed to pay Plaintiff and the members of the Rule 23 Class 1.5 times the full minimum wage rate for hours worked in excess of 40 per week.

117.     Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

118.     Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
#### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

119.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

120.     Defendants willfully failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

121.     By Defendants' failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations.

122.     Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law –Tip Misappropriation
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

123.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

124.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees within the meaning of NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

125.    At all times relevant, each Defendant has been an employer within the meaning of the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

126.    The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

127.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

128.    Defendants unlawfully retained part of the gratuities earned by Plaintiff and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

129.    Defendants required Plaintiff and the members of the Rule 23 Class to share part of the gratuities they received with employees other than waiters, servers, bussers, or similar employees, in violation of NYLL, Article 6 § 196-d and the supporting New York State Department of Labor Regulations.

130.    By Defendants' knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146, entitling Plaintiff and the members of the Rule 23 Class to the value of the misappropriated gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law– Recordkeeping Violation**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

131.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

132.    Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class notice as required by NYLL, Article 6, § 195, in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

133.    Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

134.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants one hundred dollars for each work week that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all tipped restaurant workers who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at the Boulud Restaurants in New York. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.      Unpaid minimum wages, overtime pay, spread-of-hours pay, misappropriated tips, and liquidated damages permitted by law pursuant to the NYLL;

G.      One hundred dollars for each work week that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198(1)-d.

H.      Prejudgment and post-judgment interest;

I.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       August 10, 2012

Respectfully submitted,

_____
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiff and*
*the Putative Class*

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Dinex Group LLC y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Dinex Group LLC and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.


_____
Firma (Signature)

*Graciela Roman*
_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

# EXHIBIT A

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Dinex Group LLC y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Dinex Group LLC and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_____
Firma (Signature)


_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Dinex Group LLC y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Dinex Group LLC and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_____
Firma (Signature)

ISAAC F LOPEZ ROSAS
Nombre legal completo (Imprenta) (Full Legal Name (Print))

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Dinex Group LLC y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I consent to be a party plaintiff in a lawsuit against Dinex Group LLC and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.


_____
Firma (Signature)


_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Dinex Group LLC y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I consent to be a party plaintiff in a lawsuit against Dinex Group LLC and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.


Firma (Signature)


Nombre legal completo (Imprenta) (Full Legal Name (Print))

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Dinex Group LLC y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I consent to be a party plaintiff in a lawsuit against Dinex Group LLC and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.


_____
Firma (Signature)


Mario Patricio Godoy Naranjo
Nombre legal completo (Imprenta) (Full Legal Name (Print))

## <u>FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM</u>

Doy mi consentimiento para ser parte demandante en una demanda contra Dinex Group LLC y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I consent to be a party plaintiff in a lawsuit against Dinex Group LLC and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.


_____
Firma (Signature)


PEDRO ESQUIEL LOPEZ ESPINOZA
Nombre legal completo (Imprenta) (Full Legal Name (Print))

## FAIR LABOR STANDARDS ACT CONSENT

1.     I consent to be a party plaintiff in a lawsuit against The Dinex Group LLC and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.     By signing and returning this consent form, I hereby designate Fitapelli & Schaffer, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


_____
Signature


CELSO LOPEZ
_____
Full Legal Name (Print)