USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/19/13

Hellerstein, A.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GRACIELA ROMAN on behalf of herself
and others similarly situated,

                          Plaintiff,

      -against-

THE DINEX GROUP, LLC and DANIEL
BOULUD,

                          Defendants.
-------------------------------------------------------x

Civil Action No.: 12 CV 6156

Hellerstein, J

## STIPULATION AND PROPOSED ORDER OF CONFIDENTIALITY

        IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Graciela Roman, individually and on behalf of others similarly situated, and the current opt-in Plaintiffs in this lawsuit (collectively "Plaintiffs"), and Defendants The Dinex Group, LLC and Daniel Boulud ("Defendants", together with Plaintiffs "the Parties"), by and through their undersigned counsel, that:

        1.     All Confidential Information produced by the Parties for purposes of the Parties' litigation of this action shall be subject to the terms and provisions set forth herein.

        2.     The following terms, as used herein, shall, without limiting the generality of the meaning of those terms, be construed as follows:

            (a)     The Parties to this action shall mean (i) Graciela Roman, and any other individual who has filed an opt-in form ("Plaintiffs") and any authorized agent(s), attorney(s) or other entities or person(s) acting on their behalf; and (ii) Defendants, as well as the employees and representatives thereof, and any authorized agent(s), attorney(s) or

other entities or person(s) acting on their behalf.

    (b)    "Confidential Information" means trade secrets, commercially sensitive business information, sensitive personal or financial information, that is produced by the Parties for the purpose of the Parties' litigation of this action, except that Confidential Information shall not include (1) any information which was lawfully and properly in the possession of any Party as of the commencement of this lawsuit, or (2) any information which is in the public domain.

3. Any Confidential Information produced in this action shall be used solely for the purpose of litigating and mediating the above-captioned matter.

4. Except as otherwise provided in this Stipulation of Confidentiality, material designated as Confidential Information may be examined only by the following persons:

    (a)    Defendants;

    (b)    Plaintiffs, to the extent any Plaintiff is examining his or her own personnel documents or the payroll records of another Plaintiff. To the extent that a Plaintiff examines the personnel documents of a Plaintiff other than him or herself, other than that Plaintiff's payroll records, he or she will sign the attached Agreement to be Bound by Stipulation of Confidentiality;

    (c)    The Parties' respective counsel and employees of the Parties' counsel who are acting under the direction and control of such counsel and who are assisting such counsel in this action;

2

(d) To the extent necessary for the prosecution or defense of the instant matter, actual or proposed witnesses, independent consultants or experts retained in connection with the instant action by the Parties' counsel, and any other person(s) whom the Parties' counsel deem necessary so long as they sign the attached Agreement to be Bound by Stipulation of Confidentiality;

(e) Any individual who has already seen such document;

(f) Stenographers or court reporters only to the extent necessary to prepare records of sworn testimony in the instant action;

(g) Any mediator mutually agreed to by the Parties to attempt to resolve this action; and

(h) Magistrate judges, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action or any law enforcement agency.

5. If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with the producing party. In the event that such a dispute cannot be resolved, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the producing party seeking confidentiality to demonstrate that such designation is appropriate

6. No person shall be allowed to retain any document or other item designated as confidential beyond the time period necessary to accomplish the purpose for which disclosure to such person was permitted.

3

7. The producing party may waive the confidentiality provisions of this Stipulation of Confidentiality as to any information designated as confidential or any portion thereof only by explicit written waiver. Such waiver shall not result in a waiver of the confidential status of any other information deemed confidential pursuant to this Stipulation of Confidentiality. Use of information acquired through independent search or investigation (other than discovery from the Parties to this action) or which is in the public domain shall not be restricted by the terms of this Stipulation of Confidentiality.

8. The testimony of any witness deposed on oral examination shall be deemed Confidential Information for a period of thirty (30) days after receipt by counsel of the transcript of the deposition. The fact that a question posed at a deposition would elicit Confidential Information shall not be grounds for an objection. If counsel believes that the deposition transcript or a portion thereof constitutes Confidential Information, counsel shall designate by page and line number, in writing, to opposing counsel within the thirty-day period those portions of the transcript constituting Confidential Information. Any portion that is not designated is deemed not to contain Confidential Information. The Stipulation of Confidentiality shall not preclude counsel for the Parties from using during any deposition in this action any documents or information that has been designated as Confidential.

9. Any party that desires relief from the provisions of this Stipulation of Confidentiality or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon notice to counsel for the Parties.

10. This Stipulation of Confidentiality may be amended by the agreement of counsel for the Parties in the form of a written amendment to the Stipulation of Confidentiality.

11. This Stipulation of Confidentiality shall remain in full force and effect

4

until modified by the Parties and so ordered by the Court.

12. Within ten (10) days after the Parties execute a settlement agreement or within ten (10) days after the conclusion of this action by final judgment not subject to appeal, all documents or other items constituting or containing Confidential Information and all copies thereof that are in the possession, custody or control of any person other than the producing party shall either be returned to the producing party or destroyed. If destroyed, an affidavit to that effect shall be delivered within thirty (30) days after the conclusion of this action to the producing party. If a Party breaches this Paragraph after the Court enters a final judgment in this action, that Party hereby consents to the jurisdiction of the Southern District of New York to adjudicate such breach.

13. Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case or prevents any party from using any document at trial.

14. Pending court approval of this Stipulation, the Parties agree to abide by all of its terms, as if it had been approved by the Court.

5

By: _____
Joseph A. Fitapelli, Esq.
Brian S. Schaffer, Esq.
Eric J. Gitig, Esq.

FITAPELLI & SCHAFFER, LLP
475 Park Avenue South, 12th Fl.
New York, New York 10016
(212) 300-0374
*Attorneys for Plaintiffs*

Dated: February 5, 2013

By: _____
Felice B. Ekelman, Esq.
Noel P. Tripp, Esq.

JACKSON LEWIS LLP
666 Third Avenue
New York, NY 10017
*Attorneys for Defendants*

Dated: February 5, 2013

SO ORDERED:

_____
U.S. District Judge
2/19/13

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
GRACIELA ROMAN on behalf of herself
and others similarly situated,

                            Plaintiff,

        -against-

THE DINEX GROUP, LLC and DANIEL
BOULUD,

                            Defendants.
---------------------------------------------------------------x

Civil Action No.: 12 CV 6156

Hellerstein, J

### AGREEMENT TO BE BOUND BY
### STIPULATION OF CONFIDENTIALITY

I, _____, declare as follows:

1. I have read and am familiar with the terms of the Stipulation of Confidentiality ("Stipulation") in the above-captioned case governing disclosure of Confidential Information.

2. I have been instructed that the Court has ordered that any Confidential Information other than my own records shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case and that I may not disclose, convey, publish, or duplicate any Confidential Information other than under the limited conditions permitted in the Stipulation.

3. I agree to abide by all the terms of the Stipulation and will not reveal or otherwise communicate to anyone any Confidential Information disclosed to me pursuant thereto except in accordance with the terms of the Stipulation. I agree not to use any Confidential Information for any purpose other than the litigation of the above-captioned matter.

4. I agree to return to producing counsel any and all documentation delivered to me under the terms of the Stipulation and all copies thereof and to destroy any notes in my possession containing any Confidential Information covered by the terms of this Stipulation.

5. I acknowledge that the Stipulation is binding on me.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this ____ day of _____, 2013, at _____.

_____
Signature

_____
Printed Name

4850-3579-8306, v. 1

8