# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRACIELA ROMAN and DANIEL JONES, on behalf of themselves and all other similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>THE DINEX GROUP, LLC and DANIEL BOULUD,<br><br>    Defendants. | Civil Action No. 12-CV-6156<br><br>**Hellerstein, J.** |

## COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE OF ALL WAGE AND HOUR CLAIMS

This Collective Action Settlement Agreement and Release of All Wage and Hour Claims (hereinafter "Agreement") is hereby entered into between and among Defendants, THE DINEX GROUP, LLC ("Dinex") and DANIEL BOULUD ("Boulud") (collectively "Defendants"), GRACIELA ROMAN and DANIEL JONES (the "Named Plaintiffs") and the individuals who have opted in to this action pursuant to 29 U.S.C. § 216(b), (collectively hereinafter "Opt-In Plaintiffs"). Named Plaintiffs and Opt-In Plaintiffs collectively are referred to herein as "Plaintiffs." Defendants and Plaintiffs collectively are referred to as the "Parties."

## RECITALS

WHEREAS, the Named Plaintiff filed a Complaint asserting the following claims on behalf of herself and all other individuals who purportedly are or were similarly situated to the Named Plaintiff during the relevant time period: minimum wage claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), including the collective

action provision of the FLSA, 29 U.S.C. § 216(b), and minimum wage claims under the New York Labor Law, Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*("NYLL"), alleging that Defendants improperly applied a tip credit; overtime claims against Defendants under the FLSA, and overtime claims under the NYLL, alleging that Defendants paid overtime rate at an incorrect rate and failed to pay for all hours worked, including hours over 40 in a workweek; spread-of-hours claims under the NYLL; tip misappropriation claims under the NYLL; and record keeping violations under the NYLL;

WHEREAS the caption in this action was amended by Stipulation "So Ordered" by the Court;

WHEREAS, notice pursuant to 29 U.S.C. § 216(b) was sent to persons who were currently or formerly employed by The Dinex Group LLC as a captain, assistant captain, sommelier, server, busser, runner, bartender, barista, host, and/or other tipped employee at BAR BOULUD, DANIEL, BOULUD SUD, and/or DBGB KITCHEN AND BAR within three years of the mailing of such notice;

WHEREAS, the Opt-In Plaintiffs signed opt-in forms that were filed with the Court pursuant to 29 U.S.C. § 216(b);

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims (as hereafter defined) that the Named Plaintiffs and the Opt-In Plaintiffs have or may have against Defendants;

WHEREAS, Defendants deny the allegations made by Plaintiffs in the Litigation (as hereafter defined), including all claims of liability and damages with respect to the alleged facts or causes of action asserted in the Litigation, and further aver that Defendants have, at all times, acted lawfully in all respects;

2

WHEREAS, the Parties' respective Counsel have analyzed and evaluated the merits of the claims made against Defendants in the Litigation and the defenses raised by Defendants, and based upon that analysis and evaluation, and recognizing the substantial risks of continued litigation, the Parties are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of all Parties.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation and release of claims on the following terms and conditions:

## 1. **DEFINITIONS**

The terms set forth below shall be defined as follows:

**1.1**   **Plaintiffs.**   Plaintiffs shall mean GRACIELA ROMAN and DANIEL JONES ("Named Plaintiffs"), and the eighty-six (86) additional individuals who consented to join this action pursuant to Section 16(b) of the Fair Labor Standards Act, a list of which is appended hereto as Exhibit A ("Opt-in Plaintiffs"), except for any Opt-in Plaintiffs who timely opt out of this Settlement Agreement as set forth below.

**1.2**   **Responsive Plaintiffs.**   Responsive Plaintiffs shall mean Named Plaintiffs and those Opt-in Plaintiffs who responded to Defendants' discovery requests in this Litigation, as set forth on Exhibit A.

**1.3**   **Plaintiffs' Counsel.** "Plaintiffs' Counsel" shall mean Brian S. Schaffer, Joseph A. Fitapelli, and Eric J. Gitig, Fitapelli & Schaffer, 475 Park Avenue, 12th Floor, New York, New York 10016.

**1.4    Defendants.** "Defendants" shall mean THE DINEX GROUP, LLP, and any of its present or former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, divisions, affiliates (including but not limited to 64 West Restaurant, LLC, 65th Street Restaurant, LLC, 44th Street Restaurant LLC and 299 Bowery, LLC), benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them, and DANIEL BOULUD.

**1.5    Defendants' Counsel.** "Defendants' Counsel" shall mean Felice B. Ekelman, Noel P. Tripp, and Tara L. Touloumis, Jackson Lewis LLP, 666 Third Avenue, New York, New York 10017.

**1.6    Parties.** "Parties" shall mean and refer to the Named Plaintiffs and the Opt-In Plaintiffs (i.e., Plaintiffs) and Defendants.

**1.7    The Litigation.** "The Litigation" shall refer to the lawsuit known as *Graciela Roman v. The Dinex Group, et al.*, United States District Court, Southern District of New York Docket No. 12-cv-6156.

**1.8    Release of Claims.**

a.    Plaintiffs for themselves, and their spouses and families, attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge the Defendants, their present or former officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, predecessors, successors and assigns, and any or all of them and all persons acting by, through, under, or in

4

concert with any of them (collectively, the "Releasees"), in their personal, individual, official and/or corporate capacities, from any and all FLSA and New York state wage-and-hour claims, as well as any retaliation claims in any way related to the foregoing claims, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasors, or any of them, may assert anywhere in the world against the Releasees, or any of them, relating to FLSA violations or New York wage and hour claims or related retaliation claims arising up to and including the date of approval of this Agreement by the Court for the time period Plaintiffs worked for Defendants. ("Released Claims").

        b.     Named Plaintiff ROMAN for herself, and her spouse and family, attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries and any and all of them, voluntarily and with the advice of counsel, fully and forever releases, acquits, and discharges Releasees in their personal, individual, official and/or corporate capacities from any and all claims under Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Age Discrimination in Employment Act of 1967 ("ADEA"); The Worker Adjustment and Retraining Notification Act; The Fair Credit Reporting Act; The New York Executive Law (including its Human Rights Law); The New York State Labor Law (including its whistleblower provisions),and other Laws, Regulations and Administrative Codes of the State of New York and the City of New York (including the City of New York's Human Rights Law); any other federal, state or local law, rule, regulation, or ordinance; any public

5

policy, contract, tort, or common law; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

      c.     Except for the obligations set forth in this Agreement, and except for any claim which may arise in the future, Defendants, in exchange for consideration set forth in this Agreement to which Defendants are not otherwise entitled, do hereby release and discharge Plaintiffs from any and all rights, obligations, damages, claims of any kind or nature or causes of action, whether willful or not, whether known or unknown, which Defendants now have or may claim to have against Plaintiffs.

    **1.9**    **Settlement.**  "Settlement" shall mean the terms of settlement of this Litigation, which is embodied fully in this Agreement.

    **1.10**    **Individual Settlement Benefit.** Each Plaintiff's Individual Settlement Benefit is listed in a confidential document that the Parties have exchanged but, in order to preserve the confidentiality of certain personal information, are not filing with the Court. The amounts are based on work location, hours worked, wage and tip records, and whether the Plaintiff was a Responsive Plaintiff.  The allocation formula is as follows: Daniel (4 points per hour worked), Bar Boulud (3 points per hour worked), DBGB (2 points per hour worked and Boulud Sud (.5 points per hour worked).  Responsive Plaintiffs will receive double the allocation as recognition for their responding to discovery and Defendants' threat to file a motion to dismiss any Opt-In Plaintiff who did not respond to discovery.

    **1.11**    **Notice of Settlement Rights and Obligations.**

      a.     "Notice of Settlement Rights and Obligations" shall mean the form, a copy of which is attached hereto as Exhibit B ("Notice"), that shall be distributed to each Plaintiff and that each Plaintiff must comply with in order for that Plaintiff to receive and retain his or her

Individual Settlement Benefit.   Specifically, each Plaintiff shall have thirty (30) days from receipt of the Notice to opt out of this Agreement.   Otherwise, each said Plaintiff releases all Released Claims as set forth herein and agrees to abide by the terms of the Notice and this Agreement in exchange for his or her Individual Settlement Payment.

        b.    If any opt-in Plaintiff opts out pursuant to Paragraph (a) above, that Plaintiff's claims shall be dismissed without prejudice, and that Plaintiff's Individual Settlement Payment shall be returned to Dinex.  An opt-out Plaintiff does not release any claims.  If Named Plaintiff Graciela Roman opts out pursuant to Paragraph (a), her Individual Settlement Payment and Incentive Award (*see* Paragraph 2.3) shall be returned to Dinex, along with ███████ ████████████████████ from the attorneys' fees payment hereunder (*see* Paragraph 2.2). Plaintiff Roman shall then remain a Plaintiff in the Litigation.  If Named Plaintiff Daniel Jones opts out pursuant to Paragraph (a), his Individual Settlement Payment shall be returned to Dinex, along with ████████████████████ from the attorneys' fees payment hereunder (*see* Paragraph 2.2).  Should both Named Plaintiffs opt out pursuant to Paragraph (a), this Agreement shall be null and void.

## 2. SETTLEMENT PAYMENTS

### 2.1 Negotiated Settlement Payment and Distribution to Plaintiffs

        a.    The Negotiated Settlement Payment of ████████████████████ ████████████████ is made solely for the purpose of settling the Litigation to avoid the burden, expense, and uncertainty of continuing the Litigation.

        b.    The Negotiated Settlement Payment required under this Agreement will be issued through a third party administrator, Kurtzman Carson Consultants LLC.

c.     The third party administrator shall make the payments to Plaintiffs and their counsel required hereunder from the Negotiated Settlement Payment in a single distribution.  Dinex shall pay to the third party administrator the Negotiated Settlement Payment less any Individual Settlement Payments and attorneys' fees attributable to Plaintiffs who have elected to Opt Out of this Agreement, five business days following both the expiration of the 30 day period for Plaintiffs to Opt out of this Agreement and the issuance of the Court's final approval of this Agreement   Along with the employer's share of payroll taxes attributable to the settlement, and fifty (50) percent of the cost of the third party administrator not to exceed ███, the Negotiated Settlement Payment made by Dinex shall be Defendants' sole monetary obligation under this Agreement.  The other 50% of the third party administrator's fee, ████████████, shall be paid from the Negotiated Settlement Payment.   Any settlement administration costs in excess of ███ ████████ shall be paid from the Negotiated Settlement Payment.

d.     The third party administrator shall distribute Plaintiffs' Individual Settlement Benefits pursuant to the terms agreed to by the parties.  In any case in which there is a dispute as to the correct amount to which any Plaintiff is entitled pursuant to this Agreement, any Plaintiff's mailing address or anything else, Defendants shall not be in default of any obligation under this Section as long as Defendants has tendered to the third party administrator the entire Negotiated Settlement Payment, which is all that is due from Defendants.  Notwithstanding the above, Defendants shall be responsible for paying the employer's share of taxes with respect to the portion of the Negotiated Settlement Payment treated as back wages, as set forth in Paragraph 2.3 below.  Payment to each Plaintiff of the Individual Settlement Benefit shall be made subject

a.       From the Negotiated Settlement Payment, the third party administrator shall pay Plaintiffs' Counsel's costs and legal fees in the amount of ████████████ ████████████████████████████████, as set forth above in Paragraph 2.1(c).  Payment of attorneys' fees and costs shall be made without withholding and reported to the IRS and the payee under the payee's name and taxpayer identification number, which payee shall provide for this purpose, on IRS Forms 1099 issued to Plaintiffs' counsel.

b.       In the event that the Court seeks to review the terms of this Agreement for fairness and adequacy, the Parties agree that the issue of attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement.   If Court review of the Agreement is required, Plaintiffs' counsel will petition the Court for an award of attorneys' fees and costs of no more than ████ ██████████████████████████████████████████████████ Defendants will not oppose this application.  However, the outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the adequacy of the Settlement.  Any reduction in the attorneys' fees shall revert to Defendants.

**2.3      Settlement Amounts Payable As Incentive Award.**

a.       From the Negotiated Settlement Payment, the third party administrator shall pay to the Named Plaintiff Roman an incentive award in the amount of ████████████ ████████████████ in consideration for Named Plaintiff Roman's Release of Claims as set forth in paragraph 1.8b.  Payment of this incentive award shall be made without withholding and reported to the IRS and the Named Plaintiff Roman under  Named Plaintiff Roman's name and

forth in paragraph 1.8b.  Payment of this incentive award shall be made without withholding and

reported to the IRS and the Named Plaintiff Roman under  Named Plaintiff Roman's name and

taxpayer identification number, which the Named Plaintiff Roman shall provide for this purpose,

on IRS Form 1099 issued to Named Plaintiff Roman.

        b.     In the event that the Court seeks to review the terms of this Agreement

for fairness and adequacy, the Parties agree that the issue of an incentive award to the Named

Plaintiff Roman is to be considered separately from the Court's consideration of the fairness,

reasonableness, adequacy, and good faith of the Settlement.  If Court review of the Agreement is

required, Plaintiffs' counsel will petition the Court for an incentive award to the Named Plaintiff

Roman of no more than ████████████████████████.  Defendants will not oppose this

application.  However, the outcome of any proceeding related to Plaintiffs' Counsel's application

for this incentive award shall not terminate this Agreement or otherwise affect the Court's ruling

on the adequacy of the Settlement.   Any reduction in the incentive award shall revert to

Defendants.

    **2.4**   **Taxes.**  For tax purposes, 25% of each Individual Settlement Benefit Payment

shall be treated as back wages and 75% shall be treated as liquidated damages and interest.

        a.     The portion of each Individual Settlement Payment treated as back wages

shall be made net of all applicable employment taxes, including, without limitation, federal, state

and local income tax withholding and the employee share of the FICA tax, and shall be reported

to the Internal Revenue Service ("IRS") and the payees under the payees' names and social

security numbers on IRS Form W-2.  The portion of each Individual Settlement Payment treated

as liquidated damages and interest shall be made without withholding and shall be reported to the

IRS and the payees, to the extent required by law, under the payees' name and social security

numbers on IRS Form 1099. Defendants shall pay all state and federal payroll taxes imposed by applicable law, including the employer's share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages.

b.      Each Plaintiff acknowledges and agrees that he or she will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement (other than taxes specified in Paragraph 2.3(a)) and will indemnify, defend and hold Defendants harmless from and against any and all taxes, interest, penalties, attorneys' fees and other costs imposed on Defendants as a result of his or her failure to timely pay such taxes. Each Plaintiff acknowledges and agrees that he or she has not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Agreement.

**2.5**    Each Plaintiff agrees that he or she will be individually responsible for federal, state and local tax consequences (including tax payments, contributions, interest, penalties and all other monies due) associated with receipt of the payment called for by this Paragraph 2 (with the exception of employer's share of payroll taxes) and will provide to Defendants through Plaintiffs' counsel, the information needed for issuance of any tax reporting form.

**2.6    Complete Relief.** The Parties acknowledge that this Agreement does not limit any Party's right, where applicable and only to the extent such right cannot be waived, to file or participate in an investigative proceeding of any federal, state or local governmental agency, but no Plaintiff may seek any monetary damages, relief or recovery in such a proceeding.

**2.7    Submission to the Court.** The Parties will file a motion for conditional approval of settlement and shall submit this Agreement along with the executed Stipulation of Dismissal With Prejudice attached hereto as Exhibit C for the Court's review and order.   The parties shall work together to preserve the confidentiality of this Agreement, including all submissions to the

11

Court in support thereof deemed necessary by Defendants.  However, in the event the Court Orders the parties to post the settlement agreement on ECF or remove any and all confidentiality provision, there will be no effect on the monetary terms of the settlement.  In the event the Court does not approve this Settlement, the Parties shall proceed as follows:

      a.   The Litigation shall resume and the Parties jointly shall seek a new scheduling order unless: (1) the Parties jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment upon the terms agreed upon by the Parties; or (2) the Parties jointly agree to attempt to renegotiate the terms of the settlement and to seek Court approval of the renegotiated settlement;

      b.   In the event reconsideration is denied or appellate review is unsuccessful, the Parties shall have no further rights or obligations under this Agreement and the case will proceed as if no settlement had been attempted; and

      c.   In the event that litigation resumes, Defendants retain the right to contest whether this Litigation should be maintained as a collective action and to contest the merits of the claims being asserted by Plaintiffs in this action.

3.   **CONFIDENTIALITY & NON-SOLICITATION**

**3.1   Confidentiality of Agreement.** As set forth herein and in the Notice, each Plaintiff agrees that he or she shall not publicize or disclose any term of this Agreement, including, but not limited to, the amount of payments received hereunder, including the amounts of said payments, except to their spouse, attorney, financial advisor, tax advisor or any taxing authority in connection with any taxes or tax liability arising from this Agreement.  The Parties agree that if the Plaintiffs are asked about this Lawsuit, they will respond only that it has been

resolved to the mutual satisfaction of the Parties. Neither this Agreement nor any term hereof or payment to be made hereunder shall be posted on a website or publicized in any media. Each Plaintiff understands and agrees that violation of this covenant of confidentiality will constitute a material breach of this Agreement, which may cause Defendants to suffer immediate, substantial and irreparable injury and which may be a sufficient basis for an award of injunctive relief and/or monetary damages as set forth in the Notice. Each Plaintiff agrees that should Defendants prevail in an action to enforce this Agreement, Defendants shall be entitled to recover costs and reasonable attorneys' fees incurred in such action.

**3.2**    Counsel for the Parties shall not publicize or disclose any term of this Agreement.

**3.3**    **Non-Solicitation**. As set forth herein and in the Notice, each Plaintiff agrees that he or she will not directly solicit, induce, or encourage any current or former employee of Defendants to assert, file, or participate in any claim(s) or action(s) against Defendants. Nothing herein shall prohibit Plaintiffs from disclosing the fact that he or she was a Plaintiff in this Litigation, the nature of the claims asserted in this Litigation, and that a settlement of the Litigation has been achieved.

**3.4**    **Non-Disparagement**. As set forth herein and in the Notice, each Plaintiff agrees not to make any statements that would reasonably be considered disparaging of Defendants. In response to any third-party requests for employment references, Plaintiffs will direct all requests to Ryan Buttner, or to his successor, who shall disclose only each Plaintiff's dates of employment and most recent job title. If a third-party requests any additional information, Defendants will inform the requestor that further information is not permitted pursuant to Defendants' policies.

4.    **RELEASES**

**4.1    Released Claims.**  Plaintiffs agree that they irrevocably and unconditionally release, acquit and forever discharge the Released Claims and that they will not commence, prosecute or participate in, either as a group or individually, any action in behalf of themselves or any other person, asserting claims against Defendants as barred by and settled pursuant hereto, as set forth in the RECITALS (which have been incorporated fully in this Agreement), paragraph 1.8(a),the remainder of this Agreement and the Notice.  Named Plaintiff Roman agrees that she irrevocably and unconditionally releases, acquits and forever discharges additionally the claims set forth in Paragraph 1.8(b), and any other claim she has or may have against Releasees from the beginning of time until execution of this Agreement.

**4.2**    All Plaintiffs shall be deemed to and shall have waived, released, discharged and dismissed all released claims as set forth in Paragraphs 4.1 and 1.8 above, with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to them.

**4.3**    No Plaintiff has a right to receive a distribution, and payment shall not be made to each said Plaintiff by the third-party administrator, until after each Plaintiff's deadline to opt out has passed without said Plaintiff doing so.  Any Plaintiff who withdraws consent to proceed and opts out of this Litigation will not be issued an Individual Settlement Benefit, and their individual Settlement Benefit will revert to Defendants.  Any Plaintiff who does not opt out of this Litigation will waive FLSA claims regardless of whether the Plaintiff cashes the Individual

Settlement Benefit.  Any Individual Settlement Benefit which is not cashed by a Plaintiff will revert back to Defendants within 135 days of such checks being issued.

**4.4**   **No Assignment.**   Each Plaintiff represents and warrants that he or she has not assigned, transferred, or purported to assign, transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

**4.5**   **Non-Admission of Liability.**   By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs, individually or collectively, all such liability being expressly denied.   Rather, Defendants enter into this Agreement to avoid further litigation and to resolve and settle all disputes with Plaintiffs.  The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute whatsoever.

**5.**   **DISMISSAL OF THE LAWSUIT**

Named Plaintiff authorizes and instructs Plaintiffs' Counsel to sign an Order and Stipulation of Dismissal with Prejudice ("the Dismissal Order") in the form attached to this Agreement as Exhibit C.  The Dismissal Order shall be filed promptly in the United States District Court for the Southern District of New York.

**6.**   **MISCELLANEOUS**

**6.1**   **Cooperation Between The Parties; Further Acts.**   The Parties shall cooperate fully with each other and shall use their best efforts to ensure that the agreed upon Negotiated Settlement Payment is received by the Named Plaintiffs and the Opt-In Plaintiffs.  Each of the

15

Parties, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

6.2      **Entire Agreement.**   This Agreement and all attachments, constitutes the entire Agreement between the Parties.  All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement.

6.3      **Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of the Parties and (A) with respect to Plaintiffs, their representatives, heirs, administrators, executors, beneficiaries, conservators, and assigns, and (B) with respect to Dinex, its present or former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, divisions, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them, and Mr. Boulud, his representatives, heirs, administrators, executors, beneficiaries, conservators, and assigns.

6.4      **Arms Length Transaction; Materiality Of Terms.**  The Parties have negotiated the terms and conditions of this Agreement at arms length, through authorized counsel.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

6.5      **Captions.**   The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**6.6     Construction.**  The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties.  Therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**6.7     Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, to create a full and complete settlement and waiver of claims.  To the extent that the law of the United States governs any matter set forth herein, such Federal law shall govern and shall create a full and complete settlement and waiver of claims, as set forth herein (as well as the RECITALS hereto, which have been incorporated fully herein).

**6.8     Continuing Jurisdiction.**  The Court, Judge Alvin K. Hellerstein, shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby, and each Party shall bear their own costs and fees arising out of the adjudication of such claim or dispute, except as otherwise set forth in this Agreement. Any proceeding relating to enforcement or interpretation of this Agreement shall be decided by the Judge sitting without a jury.

**6.9     Waivers, Etc. Must Be In Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or in behalf of the Parties and then only to the extent set forth in a written waiver, modification or amendment that refers explicitly to this Agreement.  Failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any other provision(s) of this Agreement, and such Party, notwithstanding such failure, shall have the right

thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**6.10    When Agreement Becomes Effective; Counterparts.**    This Agreement shall become effective following its execution and entry of the Order of Dismissal by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants have signed the same instrument.

**6.11    Facsimile Signatures.**    Any Party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile to counsel for the other Party. Any signature made and transmitted by facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile.

**6.12    Settlement Payments Do Not Trigger Additional Benefits.**    The Negotiated Settlement Payment to Plaintiffs under this Agreement shall be deemed to be received and shall be considered income solely in the year in which the Negotiated Settlement Payment actually is received by each Plaintiff.    It is expressly understood and agreed that the receipt of such settlement payments will not entitle any Plaintiff to additional compensation or benefits under any bonus, incentive plan, compensation program, or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Plaintiff to any retirement, 401(k) benefits or matching benefits, deferred compensation benefits or any other plan, program, benefit or other compensation.    It is the intent of this Settlement that the settlement payments provided for in this Agreement shall be the sole payments to be made by Defendants to Plaintiffs, and that Plaintiffs are not entitled to any new or additional compensation or benefits as a result of having received the settlement payments (notwithstanding

any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Agreement).

**6.13    Incorporation of "RECITALS" Clauses.**  The "RECITALS" Clauses set forth above are made an integral part of this Agreement.

**6.14    Attorney's Fees and Costs.**  Except as specifically provided in Paragraph 2.2 of the Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Lawsuit.

**6.15    Fair and Reasonable Settlement.**  The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Lawsuit.  The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

**6.16    Destruction of Documents.**  The Parties and their respective counsel agree that they will, within thirty (30) days of the Effective Date, destroy all documents, including but not limited to deposition transcripts and documents produced in discovery, including hard copies and any documents produced or maintained in electronic form, produced by the adverse Party during the discovery process in this Lawsuit, and provide an affidavit to opposing counsel confirming destruction thereof.  Notwithstanding the above, Counsel may retain documents containing work product and copies of all documents filed with the court.  No documents, including but not limited to deposition transcripts, may be used in any other proceeding.

**6.17**   <u>**No Third-Party Beneficiaries.**</u>   The rights, duties and obligations set out in this Agreement shall be binding upon, and inure to the benefit of, only the Parties to this Agreement and their respective current and former partners, members, officers, directors, trustees, shareholders, employees, counsel and agents and successors, including, but not limited to, any rehabilitator, receiver, conservator, liquidator, trustee or other statutory successor and quasi-statutory successor.   No person or entity that is not expressly a Party to this Agreement has, or shall have, any rights as a beneficiary or a third-party beneficiary of this Agreement.

**6.18**   <u>**Right To Terminate**</u>.   Defendants may terminate this Agreement and Settlement at their exclusive option in the event more than five (5) individuals opt out of this Agreement pursuant to Paragraph 1.11 hereof and the terms of the Notice.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

**WE AGREE TO THESE TERMS:**

**FOR PLAINTIFFS**

_____

GRACIELA ROMAN, NAMED AND REPRESENTATIVE PLAINTIFF
Dated:

_____

DANIEL JONES, NAMED AND REPRESENTATIVE PLAINTIFF
Dated: 1 – 14 – 14

**THE DINEX GROUP LLC**

By:_____

Its: _____

Dated:

**DANIEL BOULUD**

_____

Dated:

**WE AGREE TO THESE TERMSFOR PLAINTIFFS**

_____

GRACIELA ROMAN, NAMED AND REPRESENTATIVE PLAINTIFF

Dated:

_____

DANIEL JONES, NAMED AND REPRESENTATIVE PLAINTIFF

Dated:

**THE DINEX GROUP LLC**

By:_____

Its: _EXECUTIVE VICE PRESIDENT / CHIEF FINANCIAL OFFICER_

Dated: _1/21/14_

**DANIEL BOULUD**

_____

Dated: 1 - 21 - 14

21

**EXHIBIT A**

**EXHIBIT B**

**NOTICE OF SETTLEMENT RIGHTS AND OBLIGATIONS TO PLAINTIFFS**

**NOTICE OF COLLECTIVE ACTION SETTLEMENT**

**Roman et al. v. Dinex Group, et al., 12 Civ. 9426,**
**United States District Court for the Southern District of New York (the "Action").**

PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.

TO:    ALL EMPLOYEES WHO OPTED IN TO THIS ACTION BY FILING WITH THE COURT A "CONSENT TO BE PARTY PLAINTIFF"

THE ABOVE REFERENCED ACTION HAS BEEN SETTLED AND THE ACTION HAS BEEN DISMISSED.UNLESS YOU FILE A NOTICE OPTING OUT OF THIS SETTLEMENT, YOU ARE ENTITLED TO A SETTLEMENT BENEFIT, WHICH WILL BE APPROXIMATELY $_____ AS SET FORTH HEREIN.

IF YOU DO NOT WISH TO BE PART OF THE SETTLEMENT YOU MUST SEND A LETTER STATING YOU WISH TO OPT OUT OF THE SETTLEMENT AND DO NOT WISH TO BE BOUND BY THE SETTLEMENT IN *Roman et al. v. Dinex Group, et al., 12 Civ. 9426* , NO LATER THAN **[30 days from mailing].**

IF YOU DO NOT PROPERLY OPT OUT OF THIS SETTLEMENT WITHIN THIRTY (30) DAYS OF THE DATE OF THIS NOTICE, YOU WILL RECEIVE THE APPROXIMATE SETTLEMENT BENEFIT ABOVE AND BE BOUND BY THE COLLECTIVE ACTION SETTLEMENT.

THIRTY (30) DAY OPT OUT/EXCLUSION DEADLINE

YOU MAY OPT OUT OF THIS SETTLEMENT BY MAKING A WRITTEN REQUEST TO OPT OUT OF THE SETTLEMENT POSTMARKED NO LATER THAN _____ ,2014. **[INSERT DATE THIRTY (30) DAYS AFTER MAILING DATE]** TO:

OPT OUT Requests – Roman, et al. v. Dinex Group

THIRD PARTY ADMINISTRATOR
**[ADDRESS]**

SUCH WRITTEN REQUEST MUST BE SIGNED AND MUST CONTAIN YOUR NAME, ADDRESS, AND STATE THAT YOU WISH TO OPT OUT OF THE SETTLEMENT in *Roman et al. v. Dinex Group, et al., 12 Civ. 9426*.

**PURPOSE OF THIS NOTICE**

This Notice is given pursuant to the Fair Labor Standards Act ("FLSA") to provide notice to you of the settlement of the above referenced FLSA Collective action. The above-captioned action (the "Action") was commenced August 10, 2012 by Graciela Roman ("Named Plaintiff"). The Action

sought to recover unpaid minimum wages, unpaid overtime wages, gratuities and unpaid spread of hours wages and related damages. By Stipulation, Daniel Jones also became a Named Plaintiff. You are receiving this Notice because you previously submitted an opt in form, which Plaintiff's Counsel has filed with the Court.

**THE SETTLEMENT**

Defendants continue to deny the allegations and any/all liability. The parties have agreed to settle this Litigation. Pursuant to the Settlement, Defendants have agreed to pay Plaintiffs a total settlement amount of ███████████ (the "Settlement Amount"), which includes payments to all individuals who filed Consent to be Party Plaintiff forms, an incentive payment of ██████ to named Plaintiff Graciela Roman, and attorneys' fees and costs in the amount of ████████. Plaintiffs will each have 135 days to cash his/her individual check, after which each un-cashed check shall be null and void. If your check becomes null and void, your wage claims will still be released if you did not opt-out.

Please note that in accordance with both State and Federal tax laws, Defendants shall withhold such sums from your Settlement Claim Amount as is required in order to comply with Federal, State and City laws. The Settlement was negotiated by the Named Plaintiffs. After weeks of negotiation, Defendants agreed to pay to Plaintiffs the Settlement Amount, ███████████ ████████████████████ which is based on the claims in the case and the potential damages, as well as Defendants' defenses and the risks associated with further litigation. This total amount was then proportionately allocated among the Plaintiffs based on employment tenure, work location and whether Plaintiff responded to discovery demands. Based on Defendants' records, your estimated payment will be $_____. The settlement payment will be made no later than 30 days after the Court grants final approval of the settlement.

**BACKGROUND TO THE SETTLEMENT**

Prior to entering into the Settlement Agreement, Plaintiffs' Counsel conducted an investigation relating to the events and transactions underlying the Plaintiffs' individual and collective action claims. Plaintiffs' Counsel's decision to enter into this Settlement Agreement was made with knowledge of the facts and circumstances underlying Plaintiffs' claims and the strengths and weaknesses of those claims. In determining to settle the Action, Plaintiffs' Counsel has analyzed the evidence adduced during pretrial proceedings and settlement negotiations, and has taken into account the substantial expense and length of time necessary to prosecute the litigation through trial, post-trial motions and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this complex litigation. The Parties also participated in numerous and extensive negotiations, in which all terms of the Agreement were mutually agreed upon by the Parties. Plaintiffs' Counsel has determined that the Settlement described herein confers substantial benefits upon the Plaintiffs. Based upon consideration of these factors, and others, Plaintiffs' Counsel has concluded that it is in the best interest of the Plaintiffs to settle the Action on the terms described herein, and that this Settlement is fair, reasonable and adequate.

Defendants deny all allegations of wrongdoing or liability whatsoever. Defendants desire to settle and terminate all existing or potential claims against it which were, or could have been, asserted in



the Action, without in any way acknowledging any fault or liability, in order to eliminate the expense and uncertainty of protracted litigation.

**YOUR OBLIGATIONS**

If you do not properly opt out of the settlement, you agree to release Defendants from all wage claims as set forth in the Settlement Agreement.  You also agree to keep the terms of the Settlement confidential, and that neither the Agreement, the contents of this Notice nor any term thereof or payment thereunder shall be posted on a website, publicized in any media, or otherwise disclosed in any way.  A violation of this covenant of confidentiality will constitute a material breach of the Settlement Agreement by you, possibly entitling Defendants to relief if proven.  You can only disclose your settlement allocation to your spouse, attorney or accountant (who may not in turn disclose it to others).  If Defendants establish in a court of competent jurisdiction that you breach or cause any breach of this covenant of confidentiality, you will be liable for attorneys' fees and costs incurred enforcing this provision.  However, you shall remain bound by the general and unlimited release of all claims contained herein.

**PROHIBITION AGAINST RETALIATION**

If you are a current employee, you should know that Defendants are prohibited by law from retaliating against you for participating in this settlement.

**ADDITIONAL INFORMATION**

For more detailed information concerning the matters involved in the Action, please contact your attorney, Brian S. Schaffer, Esq., as follows:

> Brian S. Schaffer, Esq.
> Fitapelli & Schaffer LLP
> 475 Park Avenue South
> New York, New York 10016
> Telephone: 212-300-0375
> E-Mail: bschaffer@fslawfirm.com.

**THIS NOTICE HAS BEEN AUTHORIZED BY THE COURT**

This notice and its contents have been authorized by District Court Judge Alvin K. Hellerstein of the U.S. District Court, Southern District of New York.

Do Not Call or Write the Court to Obtain Copies of Documents or to Ask Questions About the Settlement.

Dated: February __, 2014

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRACIELA ROMAN and DANIEL JONES, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE DINEX GROUP, LLC and DANIEL BOULUD,<br><br>Defendants. | Civil Action No. 12-CV-6156<br><br>**Hellerstein, J.** |

**STIPULATION OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and the Defendants that, the Settlement Agreement in this matter having been reviewed by the Court and found to be fair and reasonable, the above-captioned action shall be dismissed in its entirety, with prejudice, in accordance with the terms of the Settlement Agreement. This Court retains jurisdiction to enforce the settlement agreement reached between the parties.

FITAPELLI & SCHAFFER LLP
*ATTORNEYS FOR PLAINTIFFS*
475 Park Ave.
New York, New York 10016
Telephone: 212-300-0375

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
666 Third Ave, 29th Fl
New York, NY  10017
(212) 545-4000

By: _____
    Brian S. Schaffer, Esq.

By: _____
    Felice B. Ekelman, Esq.
    Noel P. Tripp, Esq.

Dated: _____

Dated: _____

SO ORDERED on this ____ day of _____, 2014

_____
United States District Judge