

475 Park Avenue South, 12th Floor • New York, New York 10016

Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

April 2, 2014

**Via ECF & FedEx**
Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

      Re:    *Roman et al v. The Dinex Group, LLC et al*
             *Civil Action No.: 12 Civ. 6156 (AKH)*
             *F&S File No.: 66-321*
             *Assigned Attorney: Brian S. Schaffer*

Dear Judge Hellerstein:

      We represent the Plaintiffs in the above-referenced action. Pursuant to Your Honor's request, we write this letter jointly with Defendants (the "Parties") to report that the parties have agreed to revised terms of settlement consistent with the Court's settlement modification instructions issued during the February 4, 2014 hearing. Following submission of our joint letter on February 28, 2014, and an additional meet and confer on March 14, 2014, counsel for the parties have agreed to a revised settlement procedure, which incorporates Your Honor's instructions. We respectfully submit the proposed changes for the Court's approval.

**New Proposal**

      Following extensive review of the February 4, 2014 hearing transcript, the parties believe that the Court's primary issues with the original settlement agreement were (1) the settlement fund's allocation formula, and (2) the language set forth in the Notice explaining the recipients' options and the ramifications of accepting, opting out of, and/or not participating in the settlement.

      1.  **Allocation of the Settlement Fund**

      Pursuant to the Court's instructions during the February 4 hearing, the Parties have agreed to revise the allocation formula. As the Court directed, the formula will provide for uniform allocation of monies among all opt in Plaintiffs based on the number of weeks worked for Defendants, regardless of their work location. Accordingly, all Plaintiffs will receive two points for weeks worked between August 10, 2006 and January 31, 2011, and one point for weeks worked between February 1, 2011 and the present, regardless of location worked. This difference in points for weeks worked during the two distinct time periods accounts for Defendants' change in compensation and tip policies in February 2011, which potentially

reduces the value of Plaintiffs' claims for workweeks after that date. As discussed during the February 4 hearing, the allocation of points to those opt in Plaintiffs who responded to Defendants' written discovery requests will then be doubled, in recognition of the fact that, had litigation continued, their claims would have been subject to dismissal for failure to respond.

Given that all opt in Plaintiffs will now be receiving equal points regardless of location worked, the parties believe the allocation formula satisfies the concerns expressed by the Court during the February 4, 2014 hearing.

### 2. Plaintiffs' Options with Respect to the Settlement

During the February 4 hearing, there was extensive discussion regarding the adequacy of the Notice to opt in Plaintiffs that was proposed by the Parties. The Parties have agreed to revise the Notice to respond to the Court's concerns. Following the Court's approval of the settlement, Plaintiffs' counsel will send each Plaintiff the revised Notice of Settlement. *See* **Exhibit A**, Revised Settlement Notice. In addition to information included in the original notice regarding the purpose and scope of the settlement and release, as well as each Plaintiff's individual settlement amount, the Revised Settlement Notice clearly informs Plaintiffs regarding their three options with respect to the settlement:

- Option 1 – Participate in the settlement by taking no action in response to the Notice, and subsequently endorsing/depositing the settlement check. Plaintiffs can do nothing in response to the Notice, in which case a settlement check will be mailed to them at the conclusion of a 30 day notice period. The Notice further explains that settlement checks will remain valid for 90 days after mailing, and that a Plaintiff will be releasing Defendants from all FLSA and NYLL wage and hour claims if they endorse/deposit their check within the 90 day period.

- Option 2 – Opt out of the settlement by submitting a written request within the 30 day notice period. Any Plaintiff opting out of the settlement will not receive a settlement check and will not release any claims against Defendants, and their share of the settlement fund will revert back to Defendants. If a Plaintiff validly opts out of the settlement, they will continue as a Plaintiff in the lawsuit. However, the Notice will explain that Plaintiffs who elect to remain in the litigation will need to retain new counsel, as Fitapelli & Schaffer, LLP will not be continuing its representation. The Revised Settlement Notice explains any Plaintiff who chooses to opt out of the settlement will have 120 days from the date the notice is mailed to notify the Court that they have retained new representation by taking one of two steps: (a) hiring new attorneys and having their new attorneys' file a notice of appearance on their behalf; or (b) informing the Court that they will be representing themselves. Should a Plaintiff fail to take either of these steps within one hundred twenty (120) days of the mailing of the notice, Defendants will make a motion to dismiss their claims with prejudice for failure to prosecute, which will be granted by the Court.

- Option 3 – Non-responsive Plaintiffs. Plaintiffs who take no action in response to the Notice will receive a settlement check at the conclusion of the 30 day notice period, which they will have 90 days to sign/deposit. If a Plaintiff fails to sign/deposit their settlement check within the 90 day period, their checks will expire and their portion of the settlement fund will revert to Defendants. As with Option 2, these individuals will remain as Plaintiffs in the lawsuit, and will not be releasing Defendants from any claims, however they will need to retain new counsel. The Revised Settlement Notice explains that in the event a Plaintiff fails to sign/deposit their settlement check and fails to retain new attorneys within 90 days, Defendants will make a motion to dismiss their claims with prejudice for failure to prosecute, which will be granted by the Court.

With respect to opt in Plaintiffs who elect to opt out of the settlement (option 2) or fail to endorse/deposit their settlement checks within 90 days of receipt (option 3), and pursuant to the negotiated and executed terms of the parties' settlement agreement, only funds that were allocated to opt in Plaintiffs as their individual settlement benefits will revert to Defendants.

The Parties submit that the Revised Settlement Notice clearly advises Plaintiffs of their options and the ramifications of each possible course of action under the Agreement.

**Supporting Authority Regarding Settlement Fairness**

As stated in *Diaz v. Scores Holding Co., Inc.*, where Judge Katz approved the parties FLSA (not Rule 23) settlement on behalf of the opt-in plaintiffs:

> Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement.

No. 07 Civ. 8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011) (citations omitted); *see also Hens v. Clientlogic Operating Corp.*, No. 05 Civ. 381S (WMS), 2010 WL 5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (approving FLSA – not Rule 23 – settlement where the proposed settlement resolved contested litigation in a *bona fide* dispute, and was the product of lengthy, vigorous arm's length negotiations between experienced counsel).

The instant settlement should be approved because it is a compromise figure reached after hard fought and arm's length negotiations between experienced counsel. *See* ECF No. 129 at 1-9. The settlement agreement and settlement procedure have also been endorsed by representative Daniel Jones who – according to the Second Circuit's recent decision in *Morris v. Affinity Health Plan, Inc.* – is expressly authorized to settle this matter on behalf of the opt-in Plaintiffs. *See* --- Fed.Appx. ---, 2014 WL 904197, at *1 (2d Cir. Mar. 10, 2014) (specifically stating that "a collective action is a representative action, which its representatives may also settle," and that "[t]he named plaintiffs here had authority to – and did – settle [FLSA] claims")

(citations omitted). Further, courts in this district have recently approved similar settlements procedures in the context of FLSA settlements. *See Shelton v. A-1 International Inc. et al*, No. 11 Civ. 9426, ECF Nos. 74-1 at page 7, 75. Accordingly, the parties assert that the revised proposal for settlement warrants approval.

\* \* \*

The parties respectfully request that the Court approve the revised proposed FLSA settlement.

Thank you in advance for your time and attention to this matter.

Respectfully yours,

Brian Schaffer

cc: Defense Counsel (via ECF)

# EXHIBIT A

# NOTICE OF SETTLEMENT RIGHTS AND OBLIGATIONS TO PLAINTIFFS

**Roman et al. v. Dinex Group, et al., 12 Civ. 6156,
United States District Court for the Southern District of New York (the "Action").**

PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.

TO:   ALL EMPLOYEES WHO OPTED IN TO THIS ACTION BY FILING WITH THE COURT A "CONSENT TO BE PARTY PLAINTIFF"

THE ABOVE REFERENCED ACTION HAS BEEN SETTLED.  UNLESS YOU FILE A WRITTEN REQUEST TO OPT OUT OF THIS SETTLEMENT, YOU WILL RECEIVE A SETTLEMENT BENEFIT, WHICH WILL BE APPROXIMATELY $_____, AS SET FORTH HEREIN.

IF YOU DO NOT WISH TO BE PART OF THE SETTLEMENT YOU MUST SEND A LETTER STATING YOU WISH TO OPT OUT OF THE SETTLEMENT IN *Roman et al. v. Dinex Group, et al., 12 Civ. 6156*, NO LATER THAN **[30 days from mailing].**  IF YOU DO NOT PROPERLY OPT OUT OF THIS SETTLEMENT BY **[30 days from mailing]**, YOU WILL RECEIVE THE APPROXIMATE SETTLEMENT BENEFIT ABOVE.

YOU MAY OPT OUT OF THIS SETTLEMENT BY MAKING A WRITTEN REQUEST TO OPT OUT OF THE SETTLEMENT POSTMARKED NO LATER THAN **[30 days from mailing]**, 2014 TO:

OPT OUT Requests – Roman, et al. v. Dinex Group, et al.
THIRD PARTY ADMINISTRATOR
**[ADDRESS]**

SUCH WRITTEN REQUEST MUST BE SIGNED AND MUST CONTAIN YOUR NAME AND ADDRESS, AND STATE THAT YOU WISH TO OPT OUT OF THE SETTLEMENT in *Roman et al. v. Dinex Group, et al., 12 Civ. 6156*.

**PURPOSE OF THIS NOTICE**

This Notice is given pursuant to the Fair Labor Standards Act ("FLSA") to provide notice to you of the settlement of the above referenced FLSA Collective action.  The above-captioned action (the "Action") was commenced August 10, 2012 by Graciela Roman ("Named Plaintiff").  The Action sought to recover unpaid minimum wages, unpaid overtime wages, gratuities and unpaid spread of hours wages and related damages.  By Stipulation, Daniel Jones also became a Named Plaintiff and representative of the FLSA Collective.  You are receiving this Notice because you previously submitted an opt in form, which Plaintiffs' Counsel has filed with the Court.

**BACKGROUND TO THE SETTLEMENT**

As stated in the Court Authorized Notice you received in or around December 2012, this lawsuit is about whether Defendants properly paid tipped employees at Bar Boulud, Daniel, Boulud Sud, and DBGB Kitchen and Bar in accordance with federal and New York State labor law.  Specifically, the lawsuit is seeking to recover unpaid minimum wages, overtime compensation, spread-of-hours pay, and misappropriated tips.

Prior to entering into the Settlement Agreement, Plaintiffs' Counsel conducted an investigation relating to the events and transactions underlying the Plaintiffs' individual and collective action claims.  Plaintiffs' Counsel's decision to enter into this Settlement Agreement was made with knowledge of the facts and circumstances underlying Plaintiffs' claims and the strengths and weaknesses of those claims.  In determining to settle the Action, Plaintiffs' Counsel has analyzed the evidence adduced during pretrial proceedings and settlement negotiations, and has taken into account the substantial expense and length of time necessary to prosecute the litigation through trial, post-trial motions and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this complex litigation. The Parties also participated in numerous and extensive negotiations, in which all terms of the Agreement were mutually agreed upon by the Parties.  Plaintiffs' Counsel has determined that the Settlement described herein confers substantial benefits upon the Plaintiffs.  Based upon consideration of these factors, and others, Plaintiffs' Counsel has concluded that it is in the best interest of the Plaintiffs to settle the Action on the terms described herein, and that this Settlement is fair, reasonable and adequate.

Defendants deny all allegations of wrongdoing or liability whatsoever.  Defendants desire to settle and terminate all existing or potential claims against them which were, or could have been, asserted in the Action, without in any way acknowledging any fault or liability, in order to eliminate the expense and uncertainty of protracted litigation.

**THE SETTLEMENT**

Defendants continue to deny the allegations and any/all liability.  After months of negotiation between the named Plaintiffs and Defendants, the parties have agreed to settle this Litigation. Pursuant to the Settlement, Defendants have agreed to pay Plaintiffs a total settlement amount of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (the "Settlement Amount"), which includes payments to all individuals who filed Consent to be Party Plaintiff forms, an incentive payment of ▓▓▓▓▓▓▓ to named Plaintiff Graciela Roman, and attorneys' fees and costs in the amount of ▓▓▓▓▓▓▓▓   The Settlement Amount negotiated by the parties is based on the claims in the case and the potential damages, as well as Defendants' defenses and the risks associated with further litigation.  The total Settlement Amount will be proportionately allocated among the Plaintiffs based on employment tenure, dates of employment, and whether a Plaintiff responded to discovery demands earlier in the Litigation.  Specifically, each Plaintiff will receive two (2) points for weeks worked at Bar Boulud, Daniel, Boulud Sud, and/or DBGB Kitchen and Bar between August 10, 2006 and January 31, 2011, and one (1) point for weeks worked between February 1, 2011 and the present.  This difference in points accounts for Defendants' change in policies/and or procedures in or about February 2011.

Based on Defendants' records, your estimated individual settlement payment will be $_____. The settlement payment will be made no later than thirty (30) days after the Court grants final approval of the settlement. Twenty five percent (25%) of your settlement payment will be treated as back wages (for which you will receive a Form W-2), and seventy five percent (75%) shall be treated as liquidated damages and interest (for which you will receive a Form 1099). Please note that in accordance with both State and Federal tax laws, Defendants shall withhold such sums from your individual Settlement Benefit as is required in order to comply with Federal, State and City laws.

**YOUR OPTIONS**

Option 1 – Do Not Opt Out of the Settlement and Cash/Deposit Your Settlement Check: If you do not properly opt out of the settlement, you will be sent a settlement check in the amount identified above (30) days after the mailing of this notice (as identified at the bottom of page 3). You will have ninety (90) days from the date the check is mailed to cash/deposit your check. By signing and cashing/depositing your settlement check within ninety (90) days, you will be releasing Defendants from all federal and state law wage and hour claims (*i.e.*, claims for unpaid minimum wage, overtime compensation, spread-of-hours pay, and/or misappropriated tips), and your participation in this lawsuit will be over.

Option 2 – Opt Out of the Settlement: You may elect not to participate in the settlement by following the procedures for opting out identified in this notice. If you validly opt out of the settlement, you will not receive a settlement check and your individual settlement reward will revert back to Defendants. Instead, you will remain a Plaintiff in the lawsuit, and will not be releasing Defendants from any claims. However you will need to retain new attorneys, as Fitapelli & Schaffer, LLP will no longer be representing you. If you choose to opt out of the settlement, you will have one hundred twenty (120) days from the date this notice was mailed (as identified at the bottom of page 3) to notify the Court that you have retained new representation by taking one of two steps: (a) hiring new attorneys and having your new attorneys' file a notice of appearance on your behalf; or (b) informing the Court that you will be representing yourself. Should you fail to take either of these steps within one hundred twenty (120) days of the mailing of this notice, Defendants will make a motion with the Court to have your claims dismissed with prejudice, meaning you will no longer be a part of the lawsuit and will lose your right to sue Defendants for the same claims in the future.

Option 3 – Do Not Opt Out of the Settlement and Do Not Cash/Deposit Your Settlement Check: If you do not properly opt out of the settlement, you will be sent a settlement check (30) days after the Court grants final approval of the settlement. You will have ninety (90) days from the date the check is mailed to cash/deposit your check. If you do not cash/deposit your check within ninety (90) days, your settlement check will expire, your individual settlement reward will revert back to Defendants, and you will no longer be able to claim your allocated settlement reward. You will remain as a Plaintiff in the lawsuit, and will not be releasing Defendants from any claims. However you will need to retain new attorneys, as Fitapelli & Schaffer, LLP will no longer be representing you. In the event you fail to hire new attorneys by the conclusion of the ninety (90) day period, Defendants will make a motion with the Court to have your claims dismissed with prejudice, meaning you will no longer be a part of the lawsuit and will lose your right to sue Defendants for the same claims in the future.

**PROHIBITION AGAINST RETALIATION**

If you are a current employee, you should know that Defendants are prohibited by law from retaliating against you for participating in this settlement.

**ADDITIONAL INFORMATION**

For more detailed information concerning the matters involved in the Action, or to receive a copy of the Settlement Agreement, please contact your attorney, Brian S. Schaffer, Esq., as follows:

>Brian S. Schaffer, Esq.
>Fitapelli & Schaffer LLP
>475 Park Avenue South
>New York, New York 10016
>Telephone: 212-300-0375
>E-Mail: bschaffer@fslawfirm.com

**THIS NOTICE HAS BEEN AUTHORIZED BY THE COURT**

This notice and its contents have been authorized by District Court Judge Alvin K. Hellerstein of the U.S. District Court, Southern District of New York.

Do Not Call or Write the Court to Obtain Copies of Documents or to Ask Questions About the Settlement.

Dated: April __, 2014